UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| TONY LIONEL LOVE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-03548-JRS-TAB |
| | ) | |
| MATHEW PRESTEL Sgt., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| DUSHAN ZATECKY, | ) | |
| | ) | |
| Interested Party. | ) | |

**Order Granting Unopposed Motion for Partial Summary Judgment,
Denying Motion for Default Judgment, Granting Motion for Status,
and Directing Further Proceedings**

In this 42 U.S.C. § 1983 action, plaintiff Indiana Department of Correction (IDOC) inmate

Tony Lionel Love seeks partial summary judgment against defendant Mathew Prestel on the issue

of liability. Defendant has not responded to the motion and the time for doing so has passed. For

the reasons set forth below, Plaintiff's motion, for partial summary judgment, dkt. [57], is **granted**.

Plaintiff's motion for default judgment, dkt. [62], is denied as **moot**.

**I. Summary Judgment Legal Standard**

A motion for summary judgment asks the Court to find that a trial is unnecessary because

there is no genuine dispute as to any material fact and, instead, the movant is entitled to judgment

as a matter of law. *See* Fed. R. Civ. P. 56(a). On summary judgment, a party must show the court

what evidence it has that would convince a trier of fact to accept its version of the events. *Gekas*

*v. Vasilades*, 814 F.3d 890, 896 (7th Cir. 2016). The moving party is entitled to summary judgment

if no reasonable fact-finder could return a verdict for the non-moving party. *Nelson v. Miller*, 570 F.3d 868, 875 (7th Cir. 2009).

To survive a motion for summary judgment, the non-moving party must set forth specific, admissible evidence showing that there is a material issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The court views the record in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Skiba v. Illinois Cent. R.R. Co.*, 884 F.3d 708, 717 (7th Cir. 2018). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). The court need only consider the cited materials, Fed. R. Civ. P. 56(c)(3), and the Seventh Circuit Court of Appeals has repeatedly assured the district courts that they are not required to "scour every inch of the record" for evidence that is potentially relevant to the summary judgment motion before them. *Grant v. Trustees of Indiana Univ.*, 870 F.3d 562, 573-74 (7th Cir. 2017).

A dispute about a material fact is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris*, 550 U.S. 372, 380 (2007). Not every factual dispute between the parties will prevent summary judgment, and the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

As noted above, Defendant has not responded to the motion for summary judgment and the deadline for doing so has passed. The consequence is that Defendant has conceded Plaintiff's statement of undisputed facts. *See Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to

respond by the nonmovant as mandated by the local rules results in an admission."); *see also*, S.D. Ind. Local Rule 56-1(b) ("A party opposing a summary judgment motion must . . . file and serve a response brief and any evidence . . . that the party relies on to oppose the motion. The response must . . . identif[y] the potentially determinative facts and factual disputes that the party contends demonstrate a dispute of fact precluding summary judgment.").

Although *pro se* filings are construed liberally, the *pro se* litigants in this action are not exempt from procedural rules. *See Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008) (noting that "*pro se* litigants are not excused from compliance with procedural rules"); *Members v. Paige*, 140 F.3d 699, 702 (7th Cir. 1998) (stating that procedural rules "apply to uncounseled litigants and must be enforced"). Thus Defendant's failure to file a response does not alter the standard for assessing a Rule 56 motion, but it does "reduc[e] the pool" from which the facts and inferences relative to the motion may be drawn. *Smith v. Severn*, 129 F.3d 419, 426 (7th Cir. 1997).

## I. Procedural History

Plaintiff Tony Lionel Love filed this 42 U.S.C. § 1983 action on November 14, 2018, asserting a single Eighth Amendment claim against Defendant Mathew Prestel, a former correctional sergeant at the Indiana Department of Correction's (IDOC) Pendleton Correctional Facility. Dkt. 1. Defendant returned a signed waiver of service of summons on May 23, 2019. Dkt. 24. The waiver reflects that Defendant's first name is spelled "Matthew." *Id.* Enclosed with the waiver was a one-page, unsigned letter appearing to be Defendant's version of the event giving rise to this action. *Id.*; dkt. 27. The Court construed the letter as Defendant's answer to the complaint and allowed Defendant time in which to retain counsel and file an amended answer. Dkt. 26. Defendant did not file an amended answer and no counsel has appeared for him. *See* dkt. 31.

Plaintiff filed his motion for summary judgment on November 7, 2019, certifying that he had mailed a copy to Defendant. Dkt. 57. On May 5, 2020, the Court directed the clerk to again provide the summary judgment filings to Defendant. Dkt. 65. The Court also provided Defendant with a "Notice Regarding Right to Respond to Submit Evidence in Opposition to Motion for Summary Judgment." The notice provided to Defendant included the time frame for filing a response. *Id.* at 2.

A response to the motion for summary judgment was originally due November 9, 2019. Following the Court's May 5, 2020, Order, Defendant's response was due June 5, 2020. As noted above, no response has been filed and the time for doing so has passed.

### III. Undisputed Facts

The following facts asserted by Plaintiff are evaluated pursuant to the standards explained in Section I. The facts are set forth in Plaintiff's verified complaint, his affidavit in support of summary judgment and its exhibits. Dkts. 1 & 58. The exhibits include an IDOC Internal Affairs investigation report. Dkt. 58-1 at 2. This statement of facts is not necessarily objectively true, but as the summary judgment standard requires, the undisputed facts and evidence are presented in a light reasonably most favorable to Defendant as the non-moving party despite his failure to file a response. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

On February 18, 2018, Plaintiff was an inmate at the Pendleton Correctional Facility. He was assaulted by Defendant Sgt. Matthew Prestel, a correctional officer. Plaintiff was standing in front of a medical evaluation cell in preparation for a medical visit. He was not restrained. Defendant, without provocation, pushed and then shoved Plaintiff down onto the bed while striking him. Defendant then climbed on top of Plaintiff, continuing to inflict strikes on his head and face. Defendant also used his elbow to inflict strikes on Plaintiff. Defendant then used his forearm and

elbow to choke Plaintiff, causing him to not be able to breath. When Plaintiff was able to tell Defendant that he could not breathe, Defendant replied, "Who gives a shit?" Plaintiff passed out. Correctional Officer Stanley witnessed the application of force, told Defendant to stop, and heard Plaintiff state he was having breathing problems.

Defendant made a false report that accused Plaintiff of assaulting him and made no mention of Defendant striking or punching Plaintiff. Plaintiff was charged in a prison disciplinary case with assaulting an officer and placed in segregation. Following an IDOC Internal Affairs investigation, the disciplinary charge against Plaintiff was dropped and he was released from segregation. Defendant was terminated from his employment with the IDOC on March 5, 2018, for violating IDOC policies. *Id.* at 20.

Plaintiff suffered injuries from Defendant's assault. Swelling on his left jaw was visible during a nurse visit on March 2, 2018. Dkt. 58-1 at 22. Plaintiff also suffered scrapes, scratches, and abrasions, and experienced pain while trying to eat for several weeks after the incident. Dkt. 1.

Other facts are set forth in the Internal Affairs report and its attached exhibits. Dkt. 58-1.

## IV. Discussion

### A.  Law Applicable to Plaintiff's Claim

"The Eighth Amendment prohibits prison staff from subjecting inmates to excessive force without a legitimate penological purpose . . . ." *Wilborn v. Ealey*, 881 F.3d 998, 1001 (7th Cir. 2018). The "core judicial inquiry," in an Eighth Amendment excessive force case, is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992); *see also Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010). "When prison officials maliciously and sadistically use force to cause

harm," the Supreme Court recognized, "contemporary standards of decency always are violated . . . whether or not significant injury is evident." *Hudson*, 503 U.S. at 9.

Factors relevant to the inquiry regarding whether the defendants' actions were done in a malicious and sadistic manner to cause harm "include the nature and extent of the harm, the need for force, the threat to the safety of staff and inmates, and the extent of the injury inflicted on the prisoner." *Lunsford v. Bennett*, 17 F.3d 1574, 1581 (7th Cir. 1994); *see also Hudson*, 503 U.S. at 7 (stating "[i]n determining whether the use of force was wanton and unnecessary, it may also be proper to evaluate the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response") (internal quotations omitted).

Pursuant to 42 U.S.C. § 1983, an individual may bring a lawsuit to redress deprivations of constitutional rights by state actors.

### B.  Findings

The undisputed evidence proves that Defendant Matthew Prestel was a state actor at all times relevant to Plaintiff Tony Lionel Love's claims. Plaintiff, as a convicted offender, enjoyed an Eighth Amendment constitutional right to be free from cruel and unusual punishment through the wanton and unnecessary use of force.

At the time Defendant inflicted force on Plaintiff, there was no need for the application of force. Plaintiff was in a cell presenting no danger to any other person. Defendant inflicted excessive force on Plaintiff in anger for Plaintiff's reported conduct some time earlier. Plaintiff needlessly suffered injuries that continued to cause pain and swelling at least three weeks later. The Court finds on the undisputed facts that the use of force was wanton and unnecessary.

Accordingly, Plaintiff's motion for partial summary judgment, dkt. [57], is **granted**. Defendant Matthew Prestel is liable to Plaintiff Tony Lionel Love for violating Plaintiff's Eighth Amendment rights. An award of damages shall be made in a later proceeding.

In light of this ruling, Plaintiff's motion for default judgment, dkt. [62], is **denied** as moot. Plaintiff's motion for a progress report, dkt. [64], is **granted** insofar as this Order resolves all pending motions.

A hearing will be set to determine damages. The Court will consider attempting to recruit counsel to represent Plaintiff in preparation for and at the hearing on damages if Plaintiff files a motion for such assistance. The **clerk is directed** to send Plaintiff a form motion for assistance with recruiting counsel with his copy of this Order.

**IT IS SO ORDERED**.

Date: 6/15/2020

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Tony Lionel Love
127260
Wabash Valley Correctional Facility - Inmate Mail/Parcels
Electronic Service Participant – Court Only

Mathew Prestel
4147 Hickory Trail East
Indianapolis, IN 46203

Warden Dushan Zatecky
Pendleton Correctional Facility
4490 West Reformatory Road
Pendleton, IN  47838